**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**ALPESHKUMAR PATEL**                                                                    **PLAINTIFF**

**V.**                                                   **CAUSE NUMBER: 1:25-cv-00111-JDM-DAS**

**DIRECTOR, U.S. CITIZENSHIP AND
IMMIGRATION SERVICES**                                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Frustrated with waiting for his visa petition to be processed, Alpeshkumar Patel—an Indian citizen residing in Mississippi—sued the Director of the United States Citizenship and Immigration Services (USCIS).  But this Court lacks jurisdiction to review Patel's primary complaint—that USCIS has unreasonably delayed determining if Patel's petition is "bona fide," thus making him eligible for employment authorization while his visa petition is pending.  A bona fide determination is a discretionary call exempted from judicial review.

Alternatively, Patel alleges USCIS has unlawfully withheld and/or unreasonably delayed placing him on a waiting list for the limited number of the particular type of visa he seeks, an action that would also make him eligible for employment authorization.  While USCIS is required to make a waiting list decision, there is no set deadline.  So there can be no claim USCIS has unlawfully withheld making a waiting-list decision.  Further, Patel's alleged six-month wait does not establish a plausible claim for unreasonable delay.

USCIS's Motion to Dismiss [6] is **GRANTED**.  Patel's bona fide determination claim is **DISMISSED without prejudice** for lack of subject matter jurisdiction.  And his waiting-list claims are **DIMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**U Visa Applications**

To understand Patel's complaint, some background on the type of visa Patel seeks is helpful. Patel has applied for U Nonimmigrant Status—or "U visa." In 2000, Congress created the U visa program to protect noncitizen victims of certain crimes who have been or likely will be helpful in prosecuting those crimes. 8 U.S.C. § 1101(a)(15)(U)(i). "Congress delegated the administration of the U visa program to the Department of Homeland Security ('DHS')." *Vimal S. P. v. Garland*, No. 4:24-cv-04002, 2025 WL 2774400, at *1 (S.D. Tex. Sept. 26, 2025). And DHS in turn "vest[ed] the United States Citizenship and Immigration Services ('USCIS') with 'sole jurisdiction over all' U visa petitions." *Id.* (quoting 8 C.F.R. § 214.14(c)(1)).

Congress also imposed an annual cap on U visas. *Id.* No more than 10,000 U visas may be issued in any fiscal year. 8 U.S.C. § 1184(p)(2)(A). The number of U visa applicants *far* outpaces the amount of visas available each year. So USCIS "implemented regulations requiring that '[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status,' be placed on a waiting list." *Vimal S. P.*, 2025 WL 2774400, at *1 (quoting 8 C.F.R. § 214.14(d)(2)). Those on the waiting list, along with qualifying family members, are granted deferred action. *Id.* And they are eligible for employment authorization. *Id.*

The number of applicants has also created a backlog for waiting list decisions. So Congress conferred on USCIS the discretion to grant employment authorization to any alien with a "bona fide" U visa application. 8 U.S.C. § 1184(p)(6). And USCIS created the bona fide determination (BFD) process—a more streamlined review process for granting employment authorization to bona fide petitioners. U visa petitioners "who were granted BFD Employment Authorizations generally bypass the waiting list and move forward to final adjudication," while "[p]etitioners who

2

do not receive a BFD Employment Authorization will receive a waiting list adjudication." *Vimal S. P.*, 2025 WL 2774400, at *2.

### Patel's Complaint

According to his complaint, Patel is a citizen of India who currently resides in Columbus, Mississippi. After he was the victim of armed robbery, he filed a petition for a U visa on January 16, 2025. Patel also filed petitions for his two qualifying family members. USCIS provided receipt numbers for the three petitions. But according to Patel, USCIS has taken no action to date, leaving Patel without a bona fide determination. In turn, Patel has been left without employment authorization.

On July 9, 2025—just six months shy of when he filed his U visa petition—Patel filed this action against the Director of USCIS. Patel claims USCIS has unreasonably delayed a bona fide determination or BFD. Relying on the Administrative Procedures Act (APA)—specifically, the provision authorizing the court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1)—Patel asks that this Court order the USCIS to issue a BFD within fourteen days.

Alternatively, Patel brings two claims based on his not yet being placed on the waiting list. First, he asserts USCIS has unlawfully withheld a waiting list decision. Second, he argues USCIS has unreasonably delayed making a waiting list decision. Patel requests this Court order USCIS to make a waiting list decision within thirty days.

In response, USCIS filed a Motion to Dismiss [6]. It argues this Court lacks jurisdiction over Patel's BFD claim, which USCIS asserts is exempted from APA judicial review. USCIS also argues Patel's alternative waiting-list claims fails to state a plausible claim for relief.

Patel did not respond to the Motion to Dismiss.

**Analysis**

**I.      This Court lacks subject matter jurisdiction over Patel's BFD claim.**

Though pro se, Patel concedes he purchased a form complaint from the website www.prosepro.co.  This likely explains why Patel's complaint is *strikingly* similar, if not verbatim in parts, to other U-visa-based complaints filed in other federal districts.  *E.g.*, *Monroy v. Director, U.S. Citizenship & Immigr. Servs.*, No. 8:25cv74, 2025 WL 1267767, at *6 & n.1 (D. Neb. May 1, 2025); *see also Patel v. Noem*, 788 F. Supp. 3d 950, 953 (N.D. Ill. 2025); *Vimal S. P.*, 2025 WL 2774400, at *1; *D'Cruz v. U.S. Citizenship & Immigr. Servs.*, No. H-24-340, 2024 WL 4523307, at *1 (S.D. Tex. Oct. 9, 2024).  As it was here, the government in those cases moved to dismiss the claim to compel USCIS to make a bona fide determination for lack of subject matter jurisdiction. And other courts addressing the same jurisdictional argument have agreed federal courts have no jurisdiction under the APA to review this particular type of immigration claim.  *Patel*, 788 F. Supp. 3d at 955-56; *Monroy*, 2025 WL 12267767, at *8; *Vimal S. P.*, 2025 WL 2774400, at *4-5; *D'Cruz*, 2024 WL 4523307, at *3-4.

This is because the APA—and the statute Patel invokes to have this Court "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1)—has explicit limits. Section 706(1) does not apply "to the extent that—(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law."  5 U.S.C. § 701(a).  And federal immigration law, namely 8 U.S.C. § 1252(a)(2)(B)(ii), expressly "strips courts of jurisdiction to review '*any* other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be *in the discretion of* the Attorney General or the Secretary of Homeland Security[.]'"  *D'Cruz*, 2024 WL 4523307, at *1 (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)).

The statute that authorizes USCIS to make bona fide determinations and grant work authorizations gives USCIS complete discretion and mandates nothing. *D'Cruz*, 2024 WL 4523307, at *2 (discussing 8 U.S.C. § 1184(p)(6)). Thus, "a determination of whether a petition is 'bona fide' is discretionary, which means the granting or denying a BFD is discretionary too." *Patel*, 788 F. Supp. 3d at 956; *see also D'Cruz*, 2024 WL 4523307, at *4. So too is *timing* of this discretionary decision. *Patel*, 788 F. Supp. 3d at 955 (citing *Garcia v. U.S. Citizenship & Immigr. Servs.*, 760 F. Supp. 3d 671, 673 (N.D. Ill. 2024)).

This means a claim that USCIS unreasonably delayed making a bona fide determination is unreviewable. *Patel*, 788 F. Supp. 3d at 955-56; *Monroy*, 2025 WL 12267767, at *8; *Vimal S. P.*, 2025 WL 2774400, at *4-5; *D'Cruz*, 2024 WL 4523307, at *3-4. Therefore, Patel's claim that the USCIS has unreasonably delayed making a bona fide determination about his U visa application is dismissed without prejudice for lack of subject matter jurisdiction.

## II.     Patel fails to state a claim for unlawfully withholding or unreasonably delaying a waiting list decision.

Patel makes an alternative request that this Court compel USCIS to make a waiting list decision. This request does not face the same jurisdictional hurdle. USCIS does not argue that this Court lacks jurisdiction to review Patel's waiting list claims. And other district courts that have considered complaints like Patel's have concluded that, unlike bona fide determinations, federal law requires USCIS make waiting list decisions. *E.g.*, *Patel*, 788 F. Supp. 3d at 956. So waiting list claims are reviewable under the APA. *Id.*

That said, Patel's waiting list claim must get past USCIS's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This requires pitching a plausible claim by presenting factual allegations that "raise a right to relief above the speculative level." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Patel's factual allegations are simple. He submitted a U visa petition in January 2025. And as of July 2025, the USCIS had not acted. In other words, it had not yet decided if he should be placed on the waiting list for the limited number of U visas and granted deferred action and employment authorization while he waits. But these facts, accepted as true, do not state a claim upon which relief can be granted.

Starting with his assertion that USCIS has unlawfully withheld a waiting list decision, "there are only grounds for an 'unlawfully withheld' claim where there is a 'statutorily imposed absolute deadline.'" *Vimal S. P.*, 2025 WL 2774400, at *6 (quoting *Topuz v. Daum*, No. 4:23-cv-2431, 2024 WL 4282091, at *5 (S.D. Tex. Sept. 24, 2024). And here, Patel does not allege there is a statutorily imposed absolute waiting-list-decision deadline that the USCIS blew.

Patel's related claim that USCIS has unreasonably delayed making a waiting list determination faces a similar quandary. There is simply no waiting-listed-decision deadline against which to measure Patel's alleged wait time. While federal regulation requires USCIS place petitioners on the waiting list, "nothing requires the USCIS to take this action within a particular timeframe." *Id.* (citing 8 C.F.R. § 214.14(d)(2)). Without "a congressionally supplied yardstick, courts turn to case law as a guide." *Patel*, 788 F. Supp. 3d at 958. In general, "immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Sarlak v. Pompeo*, No. CV 20-35 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) (quoting *Yavari v. Pompeo*, No. 19-cv-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019)). Patel's wait has been much shorter.

Typically, the question of whether Congress has provided a timeline is just one factor when evaluating an APA unreasonable delay claim. *See id.* (applying the unreasonable-delay factors set forth in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("TRAC")). But here, this Court finds a *TRAC* analysis unnecessary. Again, Patel's U visa waiting list claim is almost identical to others that have been routinely rejected at the pleadings stage for failure to state a claim based on a *TRAC* analysis. *See id.*; *see also*, *e.g.*, *Mokuolu v. Mayorkas*, No. RDB-24-817, 2024 WL 4783542, at *6-8 (D. Md. 2024); *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 260-64 (E.D. N.Y. 2021); *V.U.C. v. U.S. Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 218, 224 (D. Mass. 2021). And this Court sees nothing unique about Patel's complaint that suggests it should survive where others have failed. *See V.U.C.*, 557 F. Supp. 3d at 224 ("Plaintiffs make no allegations that the processing times of their petitions have been longer than for other similarly situated U-visa petitioners, or that they are entitled to special expedited consideration.").

Patel asserted his unreasonable delay claim after waiting for six months. But "[t]here is no mandate requiring the USCIS 'to act within six months, or even within a year." *Id.* (quoting *Cheejati v. Blinken*, 106 F.4th 388, 396 (5th Cir. 2024)). And if this Court were to presume USCIS has taken no action in the eight months since Patel filed his complaint, Patel still has not asserted a claim for unreasonable delay. *See Patel v. Noem*, 788 F. Supp. 3d at 957-58 (concluding that an alleged twenty-five month delay did not suggest unreasonableness "given the caselaw and typical processing time for U-Visa applications").

Therefore, Patel's claims that USCIS has unlawfully withheld and unreasonably delayed a waiting list decision must be dismissed for not stating a claim upon which relief can be granted.

**Conclusion**

For the above reasons, the Motion to Dismiss [6] is **GRANTED**. Patel's claim that USCIS unreasonably delayed making a bona fide determination is **DISMISSED without prejudice** for lack of subject matter jurisdiction. Patel's alternative claims that USCIS unlawfully withheld and unreasonably delayed a waiting list decision are **DIMISSED with prejudice** for failure to state a claim upon which relief can be granted. With all claims dismissed, this **CASE** is **CLOSED**.

A separate judgment will issue this day.

**SO ORDERED**, this the 18th day of March, 2026.

 /s/ James D. Maxwell II
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

8